# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51167
c/w No. 13-51173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PRIMITIVO MARQUEZ-GATICA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1096-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Primitivo Marquez-Gatica appeals the sentences imposed following his guilty plea conviction for illegal reentry into the United States after removal and the revocation of his prior supervised release. He argues that the combined 39-month sentence was greater than necessary to meet the goals of 18 U.S.C. § 3553(a) and therefore substantively unreasonable. He contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the presumption of reasonableness should not apply because the illegal reentry guideline lacks an empirical basis. He also maintains that the guideline provision double-counts his criminal history and overstates the seriousness of his offense, which is essentially an international trespass offense. He further contends that the sentence failed to reflect his personal history and characteristics and that his motive for returning to the United States mitigates the seriousness of his offense.

Because Marquez-Gatica did not object to the reasonableness of his sentence or the revocation sentence in district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). When those elements are shown, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Marquez-Gatica's 25-month sentence for his illegal reentry offense was within the advisory guidelines range and therefore entitled to the presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Marquez-Gatica concedes, his argument that we should not apply the presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected his arguments that double-counting of his prior convictions necessarily renders a sentence unreasonable and that the Guidelines overstate the seriousness of illegal reentry because it is a nonviolent international trespass offense. *See id.* at 529-30; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Marquez-Gatica's motive to support his family is not sufficient to justify a lower sentence or to rebut the

presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Because Marquez-Gatica has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors, he has failed to rebut the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In addition, Marquez-Gatica has not shown that the 14-month revocation sentence was substantively unreasonable. The district court had the discretion to order that the sentences be served consecutively. *See United States v. Whitelaw*, 580 F.3d 256, 260-61 (5th Cir. 2009); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) & cmt. n.4, p.s. Because the sentence both fell within the advisory range and was consistent with the Guidelines' policy regarding consecutive sentences, it is entitled to a presumption of reasonableness. *See* U.S.S.G. § 7B1.1(a)(2); § 7B1.4; *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Marquez-Gatica has failed to show that the district court abused its discretion by imposing the consecutive sentence and has failed to rebut the presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

AFFIRMED.